IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **AgXplore International, LLC,**          ) | |
|                                            ) | |
| **Plaintiff,**                   ) | |
|                                            ) | |
| vs.                                        ) | |
|                                            ) | Case No. 1:23-cv-00108-SNLJ |
| **Joseph Daniel Sheffer, et al,**          ) | |
|                                            ) | |
| **Defendants,**                  ) | |
|                                            ) | |

### **MEMORANDUM and ORDER**

Plaintiff AgXplore International, LLC filed this lawsuit against defendants alleging in part the misappropriation of plaintiff's confidential information on behalf of defendant Meristem Crop Performance Group, LLC (Meristem) and in violation of certain non-disclosure agreements. This matter is before the Court on plaintiff's motion to compel discovery [Doc. 62], which has been fully briefed.

**I.      Factual background**

Jeremy Sheffer and Joseph Daniel Sheffer (collectively, the "Sheffers") are former employees of plaintiff. The Sheffers allegedly signed certain non-solicitation and non-disclosure agreements as conditions of their employment with plaintiff. Between October 2022 and April 2023, both Sheffers separated from their employment with plaintiff, and both subsequently began working for defendant Meristem. Plaintiff brought this lawsuit in June 2023.

1

In July 2023, plaintiff served defendant Meristem with a document asking for discovery production, listing 23 specific requests. Meristem objected to all 23 of these. Following communication between the parties, including a deficiency letter sent from plaintiff to Meristem in August 2023, Meristem ultimately produced seven pages of discovery in November 2023. Plaintiff argues that this production was insufficient, and seeks now to compel Meristem to produce more information.

## II.     The Motion to Compel

Plaintiff seeks to compel responses to three categories of document requests.

First, plaintiff seeks to compel complete responses to Requests for Production Nos. 11, 12, 15, and 16. These generally pertain to documents related to the Sheffers' onboarding and job descriptions with Meristem. In response to these requests, Meristem produced the offer letters and job descriptions for both Sheffers. Plaintiff, however, contends in its briefing that "Meristem's corporate representative testified that Meristem sent letters to the defendants reminding them of their post-employment obligations." [Doc. 62 at 5]. Plaintiff argues that such letters are responsive to their requests and wants Meristem to produce them. Plaintiff provides no citation that confirms the existence of this testimony or the letters themselves. If these letters do exist, their contents could be relevant to plaintiff's case. Given that plaintiff is entitled to "discovery regarding any nonprivileged matter that is relevant to [its] claim…and proportional to the needs of the case," it is the order of this Court that defendants produce these letters if they exist. Fed. R. Civ. P. 26(b)(1).

Second, plaintiff seeks to compel complete responses to Requests for Production Nos. 13, 14, 17, and 18. These generally pertain to documents related to Meristem's recruitment of the Sheffers. Apparently, the only documents produced related to these

2

requests are the Sheffers' offer letters. [Doc. 62 at 3].  As an initial matter, Meristem contends that such recruitment communications are not properly before the Court because "these requests were not part of [plaintiff's] deficiency letter and have not been the subject of a meet and confer between the parties as required by local rules." [Doc. 63 at 6–7].  Though not cited, Meristem is ostensibly referring to Eastern District of Missouri Local Rule 3.04(A), which states the following:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord.

E.D. Mo. L.R. 3.04(A).  Plaintiff's motion satisfies this rule. *See* [Doc. 62 at 3] ("The parties met and conferred on October 31, 2023").  The local rule does not impose the burden on a litigant of conferring over every detail of a discovery dispute before filing a motion to compel discovery.  Instead, it merely requires that the parties make reasonable efforts to meet and resolve their general discovery dispute before bringing a motion to the Court.  That was done here.

Alternately, Meristem contends that, even if plaintiff is permitted to bring this motion under the local rules, Meristem has already provided all reasonably available responsive communications.  Though at this point plaintiff has not identified specific documents it suspects Meristem is withholding, the Court is sympathetic to plaintiff's intuition that more documents exist that are responsive to its discovery request.  Unless Meristem and its hiring personnel communicate with each other and prospective employees exclusively by telephone or handwritten letter, the notion that there exist *no* documents in Meristem's possession referencing the Sheffers' departure from plaintiff or

3

recruitment by Meristem beyond the produced offer letters is difficult to believe. Accordingly, this Court orders that Meristem comply with plaintiff's Requests for Production 13, 14, 17, and 18 by producing all discoverable documents referencing, discussing, mentioning, or reflecting the Sheffers' departure from employment with plaintiff and/or negotiations between Meristem and the Sheffers' concerning their employment with Meristem, to the extent such documents exist.

Finally, plaintiff seeks to compel complete responses to Requests for Production Nos. 5, 8, 9, and 10.  These generally pertain to documents involving communications and/or sales between Meristem and "Restricted Customers."  The term "Restricted Customers" refers to those customers that, pursuant to the July 2023 Consent Temporary Restraining Order (the 'TRO") issued in this case [Doc. 29], one or more of the Sheffers were enjoined from soliciting.  Meristem submits that it is impossible to fulfill these requests for the simple reason that it does not have access to the list of Restricted Customers, pursuant to the terms of the TRO.  Though plaintiff does not address this point in its reply, the TRO states explicitly that "[d]efendants may access and refer to [the lists of Restricted Customers labeled as] Exhibit A and Exhibit B through their respective attorneys." [Doc. 29 at 3].  In any event, this Court orders that Meristem promptly fulfill plaintiff's Requests for Production 5, 8, 9, and 10.  This should not be unduly burdensome.  Plaintiff noted without contradiction from Meristem that Meristem's corporate representative testified that Joseph Daniel Sheffer and his team sold to fewer than six customer accounts. [Doc. 67 at 8].  Additionally, though the list of Restricted Customers with respect to Jeremy Sheffer is long, Jeremy Sheffer has only been working for Meristem for less than a year.

4

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel [Doc. 62] is GRANTED as explained herein.

Dated this 24th day of January, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE