IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **AgXplore International, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:23-cv-00108-SNLJ |
| **Joseph Daniel Sheffer, et al,** ) | |
| ) | |
| Defendants, ) | |
| ) | |

## **MEMORANDUM and ORDER**

Plaintiff AgXplore International, LLC filed this lawsuit against defendants alleging in part the misappropriation of plaintiff's confidential information on behalf of defendant Meristem Crop Performance Group, LLC (Meristem) and in violation of certain non-disclosure agreements. This matter is before the Court on plaintiff's second motion to compel discovery [Doc. 71], which has been fully briefed.

**I.      Factual Background**

Erik Kellim and James "Brewer" Blessitt are former employees of plaintiff. Kellim and Blessitt allegedly signed certain non-solicitation and non-disclosure agreements as conditions of their employment with plaintiff. Between November 2022 and April 2023, Kellim and Blessitt separated from their employment with plaintiff, and both subsequently began providing services for defendant Meristem. Plaintiff brought this lawsuit in June 2023.

1

In July 2023, plaintiff served defendant Meristem with a document asking for discovery production ("Plaintiff's First Discovery Request"). In November 2023, plaintiff served defendant Meristem with a second document asking for further discovery production ("Plaintiff's Second Discovery Request"), which listed 29 specific requests and is the subject of the present motion. Meristem objected to 28 of these; for the remaining request (Request Number 22) Meristem claimed it possessed no responsive documents. [Doc. 71-2 at 3–15.] In December 2023, after apparently receiving no response from Meristem regarding Plaintiff's Second Discovery Request, plaintiff sent a follow-up letter to Meristem reminding Meristem of its request. After receiving no documents from Meristem, plaintiff filed the present motion in January 2024. At the time of the filing of this motion, plaintiff contends that Meristem had "not produced a single document in response to [Plaintiff's Second Discovery Request]." [Doc. 71 at 4.] Meristem apparently made a supplemental discovery production in February 2024, after this motion was filed. [Doc. 73 at 6.]

Plaintiff brings this motion requesting that the Court (1) compel Meristem to comply with Plaintiff's Second Discovery Request, (2) compel Meristem to submit to a second corporate deposition, and (3) sanction Meristem for its conduct and require Meristem to compensate plaintiff for expenses. The Court will review each of these requests in turn.

**II.    Requests to Compel Responses to Plaintiff's Second Discovery Request**

Plaintiff seeks to compel responses to two categories of document requests.

First, plaintiff seeks to compel responses to Requests for Production Nos. 2, 3, 20, 21, 24, 25, and 29. These generally pertain to documents related to Kellim's and Blessitt's departure from employment with plaintiff and providing services to Meristem.

2

Meristem contends it already produced some documents responsive to Plaintiff's Second Discovery Request in the responses it provided to Plaintiff's First Discovery Request, including "Kellim's offer letter…certain emails about Kellim's prospective employment with Meristem…certain documents pertaining to the individual defendants' Non-Solicitation Agreements…and a document pertaining to Meristem's engagement of Blessitt's consulting firm." [Doc. 73 at 5.]  Meristem also submits that any remaining responsive documents were produced in its February 2024 supplemental discovery production. *Id.* at 6.  In its reply briefing, plaintiff acknowledges that Meristem made its supplemental discovery production in February 2024 and does not point to any specific documents it now suspects Meristem is withholding as it relates to Requests for Production Nos. 2, 3, 20, 21, 24, 25, and 29.  [Doc. 76 at 3.]  This gives the impression that the February 2024 supplemental discovery production satisfied plaintiff's Requests for Production Nos. 2, 3, 20, 21, 24, 25, and 29.  Of course, to the extent that Meristem is in possession of nonprivileged documents responsive to these requests, Meristem must produce them.  But absent further allegations that Meristem is withholding discovery, the Court does not find grounds at this time to compel Meristem to produce documents as it relates to Requests for Production Nos. 2, 3, 20, 21, 24, 25, and 29.

Second, plaintiff seeks to compel responses to Requests for Production Nos. 5, 9, 11, 13, 15, and 17.  These generally pertain to documents relating to Kellim's "Restricted Customers," as that term is defined in Plaintiff's Second Discovery Request.  *See* [Doc. 71-1 at 6–8.]  Plaintiff's Second Discovery Request defines "Restricted Customers" as "any customer with which: (1) Kellim or Blessitt learned any Confidential Information during their employment at Plaintiff or (2) AgXplore conducted business within the last 24 months of Kellim's or Blessitt's employment with AgXplore and with which you [sic]

3

had contact during his employment." *Id.* at 3.  Meristem contends that it cannot respond to this set of requests because it "does not know who Kellim's Restricted Customers are." [Doc. 73 at 9.]  Apparently, plaintiff has not provided a list of Kellim's Restricted Customers to Meristem.  Plaintiff replies that it should not need to do so because Meristem "knows the customers Kellim solicited on behalf of Meristem and could further discover customers Kellim planned to bring to Meristem by asking its own executive and co-defendant—J[eremy] Sheffer." [Doc. 76 at 5.]  However, there is no need to require Meristem to speculate who it suspects might be one of Kellim's Restricted Customers by reference to the memory of Jeremy Sheffer.  Instead, if plaintiff wishes for Meristem to fulfill Requests for Production Nos. 5, 9, 11, 13, 15, and 17, it must provide to Meristem a list of Kellim's Restricted Customers.  Plaintiff may file this list with the court under seal, for attorneys' eyes only, in a manner similar to the restricted customers lists provided alongside the prior Consent Temporary Restraining Order, so as to protect from the exposure of any sensitive or confidential information.

Meristem also objects generally to Requests for Production Nos. 5, 9, 11, 13, 15, and 17 on the basis that they are "overly broad, unduly burdensome, vague, ambiguous, and not proportionate to the needs of the case." [Doc. 71-2 at 4, 6, 7–10.]  Specifically, Meristem explains that "disclosing all transaction information between Meristem and any AgXplore customer, notwithstanding Kellim's (or any other individual Defendant's) involvement, is not proportional to the needs of the case," and that requiring such disclosure could "necessitate[] the disclosure of confidential and proprietary business information to a competitor…[and] risks putting Meristem at a competitive disadvantage in the marketplace for the sake of a transaction that has no relevance to this matter." [Doc. 73 at 11.]  The Court disagrees.  Plaintiff is not requesting the disclosure of "all

4

transaction information between Meristem and any AgXplore customer," but rather certain documents relating to Kellim's Restricted Customers specifically. *Id.* Such documents would be relevant and probative to furthering plaintiff's investigation of this matter. To the extent Meristem is concerned about disclosing sensitive information to a competitor, Meristem may, as discussed, also file responses under seal, for attorneys' eyes only, to protect against any such damaging disclosure.

In any event, Meristem ultimately contends "that Kellim did not solicit any AgXplore customers during his brief employment with Meristem," and that "during his employment with Meristem, Kellim did not make any sales." [Doc. 73 at 7.] However, this contention seems to be contradicted by a text message apparently sent on May 7, 2023 from Kellim in which he appears to discuss soliciting an AgXplore customer for Meristem. [Doc. 71-7.] There is also the deposition testimony from Meristem's corporate representative, which implies Kellim did make sales. [Doc. 71-4 at 3.] In that deposition, Meristem's corporate representative describes a sales group of which Kellim was a part that accumulated approximately $1.5 million in sales. *Id.* The representative also answered affirmatively to the question of whether "Erik [Kellim] individually had brought in under a million dollars in sales". *Id.* This evidence justifies further inquiry.

Consequently, the Court orders that Meristem provide full and complete responses to Requests for Production Nos. 5, 9, 11, 13, 15, and 17 on the condition that plaintiff provides to Meristem a list of Kellim's Restricted Customers.

### III.    Request for Second Corporate Deposition

Plaintiff further requests that Meristem be compelled to "submit to a second corporate deposition so that AgXplore can ask probative questions with the full benefit of responsive documents that Meristem has delayed producing according to its discovery

5

deficiencies…" [Doc. 71 at 10.] In support of this request, plaintiff states that "at mediation, Meristem's counsel shared documents with the mediator that are responsive to AgXplore's discovery requests but have not been produced by Meristem…These documents…appear to directly contradict Meristem's corporate representative's testimony concerning the scope of the individual defendants' sales at Meristem." *Id.* at 9. Meristem contends this request is "groundless because AgXplore chose to take the corporate deposition of Meristem before it even served [Plaintiff's Second Discovery Request]." [Doc. 73 at 12.]

This Court has held:

> [A]s a general proposition, "a party may conduct a second deposition of a witness if ***new information comes to light relating to the subject of that deposition***, new parties are added to the case, new allegations are made in the pleadings, ***or new documents are produced***…Under these circumstances, the second deposition is limited to the new information.

*Zorich v. St. Louis County*, No. 4:17-CV-1522 PLC, 2018 U.S. Dist. LEXIS 233843, at *5 (E.D. Mo. Apr. 24, 2018) (emphases added) (quoting *Roberts v. General Motors LLC*, No. 4:13-CV-541 CAS, 2016 U.S. Dist. LEXIS 6400, at *2 (E.D. Mo. Jan. 20, 2016)).

To the extent that new information has come to light relating to the subject matter of the deposition of Meristem's corporate representative, this Court agrees that, under *Zorich*, plaintiff may conduct a second deposition of Meristem's corporate representative. However, such deposition must be limited only to the new information gathered.

Plaintiff also requests that Meristem be compelled to pay for this second deposition. This Court declines that request, because plaintiff has not provided sufficient reason to compel Meristem to cover deposition costs. To the extent plaintiff wishes to

6

undertake a second deposition of Meristem's corporate representative according to the above restrictions, it must do so at its own expense.

## IV.     Request for Fees and Sanctions

Plaintiff finally requests that this Court sanction Meristem for its conduct and award plaintiff the fees and costs incurred in filing the present motion. [Doc. 76 at 7.] To this end plaintiff cites Federal Rule of Civil Procedure 37(a)(5)(A), which states the following:

> If the motion [to compel discovery] is granted—***or if the disclosure or requested discovery is provided after the motion was filed***—the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

(emphases added).

This mandate does not apply if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(a). As has already been intimated *supra*, this Court finds that Meristem's lack of responses to Requests for Production Nos. 5, 9, 11, 13, 15, and 17 was substantially justified because Meristem did not have a list of Kellim's Restricted Customers. Not so, however, with respect to Requests for Production Nos. 2, 3, 20, 21, 24, 25, and 29.

Neither party disputes that Meristem provided its responses to Plaintiff's Second Discovery Request after this motion to compel was submitted, and Meristem's excuse is simply that it "has acted reasonably and in good faith in responding to" Plaintiff's Second Discovery Request. [Doc. 73 at 13.] As noted above, Plaintiff served Meristem with

Plaintiff's Second Discovery Request in November 2023. [Doc. 71-1 at 11.] A month later, after Meristem did not produce any documents responsive to that request, plaintiff sent its follow up letter. [Doc. 71-3 at 1.] A month after that, plaintiff then filed the present motion to compel. This Court is not aware of a reason why Meristem's disclosure of responses to Requests Nos. 2, 3, 20, 21, 24, 25, and 29 after this motion to compel was submitted was substantially justified; nor is the Court aware of other circumstances that would make an award of expenses unjust. Consequently, in accordance with Federal Rule of Civil Procedure 37(a)(5)(A), this Court orders that Meristem pay plaintiff's fees (including attorneys' fees) reasonably incurred in preparing and executing the portions of this motion to compel [Doc. 71] and plaintiff's reply briefing [Doc. 76] that are relevant to Requests for Production Nos. 2, 3, 20, 21, 24, 25, and 29, but not any other portions of such documents. The Court will not order further sanctions at this time, as the present remedy is sufficient but not greater than necessary to serve the interests of justice.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel [Doc. 71] is GRANTED in part and DENIED in part, as explained herein.

Dated this 28th day of March, 2024.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                   SENIOR UNITED STATES DISTRICT JUDGE