IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **AgXplore International, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:23-cv-00108-SNLJ |
| **Joseph Daniel Sheffer, et al,** ) | |
| ) | |
| **Defendants,** ) | |
| ) | |

**MEMORANDUM and ORDER**

Plaintiff AgXplore International, LLC filed this lawsuit against defendants alleging in part the misappropriation of plaintiff's confidential information on behalf of defendant Meristem Crop Performance Group, LLC (Meristem) and in violation of certain non-disclosure agreements. This matter is before the Court on plaintiffs' third motion to compel discovery [Doc. 86], which has been fully briefed and is ripe for disposition.

**I.     Factual background**

Jeremy Sheffer and Joseph Daniel Sheffer (collectively, the "Sheffers") are former employees of plaintiff. The Sheffers allegedly signed certain non-solicitation and non-disclosure agreements as conditions of their employment with plaintiff. Between October 2022 and April 2023, both Sheffers separated from their employment with plaintiff, and both subsequently began working for defendant Meristem. Plaintiff brought this lawsuit in June 2023.

1

In July 2023, plaintiff served defendant Meristem with a document asking for discovery production, listing 23 specific requests ("Plaintiff's First Discovery Request"). Meristem objected to all 23 of these. Following communication between the parties, plaintiff filed a motion to compel discovery in November 2023, [Doc. 62], which this Court granted in January 2024, [Doc. 72.]

Plaintiff brings this motion alleging that Meristem has failed to comply with this Court's January 2024 order compelling Meristem to fulfill Plaintiff's First Discovery Request. Plaintiff asks the Court specifically to (1) compel Meristem to produce certain documents allegedly responsive to Plaintiff's First Discovery Request, (2) compel Meristem to provide further labeling for the documents it has already produced, and (3) sanction Meristem for its conduct during discovery. The Court will review these requests in turn.

## II.    Request to Compel Responses to Plaintiff's First Discovery Request

In plaintiff's first motion to compel discovery, plaintiff sought to compel complete responses to Requests for Production Nos. 11, 12, 15, and 16. These generally pertain to documents related to the Sheffers' onboarding and job descriptions with Meristem. Plaintiff specifically contended that "Meristem's corporate representative testified that Meristem sent letters to the defendants reminding them of their post-employment obligations." [Doc. 62 at 5.] This Court ordered Meristem to produce such letters to the extent they exist. [Doc. 72 at 2.] According to Meristem, it has produced "[a]n email from Meristem forwarding AgXplore's post-employment correspondence to Brewer Blessitt and Jeremy Sheffer." [Doc. 92 at 3.] And according to plaintiff's reply supplement, "[o]n March 29, 2024, Meristem produced…emails that Meristem sent to Jeremy Sheffer and Daniel Sheffer reminding them of their obligations to AgXplore

2

pursuant to the Consent TRO entered by this Court.…These newly produced documents are responsive to AgXplore's First Requests for Production…[and] to this Court's January 24, 2024 Order." [Doc. 95 at 1.] It thus appears that Meristem has complied with the Court's order in this respect.

Plaintiff also sought in its first motion to compel complete responses to Requests for Production Nos. 13, 14, 17, and 18. These generally pertain to documents related to Meristem's recruitment of the Sheffers. This Court ordered that Meristem produce "all discoverable documents referencing, discussing, mentioning, or reflecting the Sheffers' departure from employment with plaintiff and/or negotiations between Meristem and the Sheffers[] concerning their employment with Meristem, to the extent such documents exist." [Doc. 72 at 4.] In its briefing, Meristem lists some documents it has produced that appear to be responsive to this order. *See* [Doc. 92 at 3.] However, plaintiff contends that more responsive documents exist because—according to plaintiff—only one of the produced documents relates to negotiations between Meristem and any of the individual defendants, and none of the documents relate to negotiations between Meristem and Daniel Sheffer directly. [Doc. 93 at 2.] Additionally, plaintiff claims that "Meristem has produced no documents that reflect Meristem's internal discussions regarding hiring the Sheffers or Meristem's pre-employment negotiations and discussions with Jeremy Sheffer." *Id.* at 2–3. Plaintiff does not point in its briefing to any specific documents it suspects Meristem is withholding. Instead, plaintiff's objection appears to stem from incredulity; echoing this Court's sentiment in its January 2024 order, plaintiff submits that "unless [Meristem's internal discussions regarding hiring the Sheffers or Meristem's pre-employment negotiations and discussions with Jeremy Sheffer] were handled exclusively by telephone, it is difficult to believe that more responsive

3

documents do not exist." *Id.*; *cf.* [Doc. 72 at 3–4.] But mere intuition does not demonstrate that Meristem is withholding responsive documents. Meristem is already under court order to produce responsive documents *to the extent they exist*. Because plaintiff has not brought forth evidence showing that any more responsive documents exist, this Court does not find sufficient reason to grant plaintiff's request to re-compel Meristem to fulfill these requests for production.

Plaintiff further sought in its first motion to compel complete responses to Requests for Production Nos. 5, 8, 9, and 10. These generally pertain to documents involving communications and/or sales between Meristem and "Restricted Customers." The term "Restricted Customers" refers to those customers that, pursuant to the July 2023 Consent Temporary Restraining Order (the 'TRO") issued in this case [Doc. 29], one or more of the Sheffers were enjoined from soliciting. This Court ordered Meristem to fulfill these requests for production in its January 2024 order. [Doc. 72 at 4.] Meristem, however, contends that the scope of Requests for Production Nos. 5, 8, 9, and 10 is ambiguous. These requests read as follows:

> **5.** All documents referring to, mentioning, discussing or reflecting any services or products *you* provided to any of the Restricted Customers since October 31, 2022.
>
> **8.** All documents referring to, mentioning, discussing or reflecting any sales *you* have made or services *you* have provided to any of the Restricted Customers since October 31, 2022.
>
> **9.** All documents referring to, mentioning, discussing or reflecting any invoices *you* have sent to any of the Restricted Customers from October 31, 2022 to the present date.
>
> **10.** All documents referring to, mentioning, discussing or reflecting any contracts or agreements *you* have entered with any of the Restricted Customers from October 31, 2022 to the present date.

4

[Doc. 62-1 at 6–7] (emphases added).

The term "You" is defined in Plaintiff's First Discovery Request as "Meristem Crop Performance Group, LLC." *Id.* at 2.  Nevertheless, Meristem assumes "that the scope of Requests Nos. 5, 8, 9, and 10 is limited to documents concerning sales made by **the Sheffers** to Restricted Customers," and that "no responsive documents exist" under that interpretation.  [Doc. 92 at 7.]  Meristem apparently derives this assumption in part from this Court's January 2024 order, in which the Court supported its decision to grant plaintiff's motion to compel with the following reasoning:

> This should not be unduly burdensome. . . . Joseph Daniel Sheffer and his team sold to fewer than six customer accounts. Additionally, though the list of Restricted Customers with respect to Jeremy Sheffer is long, Jeremy Sheffer has only been working at Meristem for less than a year.

[Doc. 72 at 4.]

The Court disagrees with Meristem's interpretation of its January 2024 order.  To be clear: this Court orders Meristem to produce discoverable documents responsive to Requests Nos. 5, 8, 9, and 10, understanding that the word "you" in such requests refers to Meristem.  The Court rejects Meristem's contention that fulfilling this request "is not feasible or proportionate to the needs of the case." [Doc. 92 at 5.]  Plaintiff seeks documents from October 31, 2022 through the date of its issuing its first discovery request, which is July 19, 2023—a span of less than nine months.  [Doc. 62-1 at 11.] Additionally, plaintiff cites text message evidence which suggests the Sheffers may have been involved in sales on behalf of Meristem that were not attributed to them personally. [Doc. 93 at 5.]  For those reasons, this Court finds that plaintiff is entitled to have these requests fulfilled, and again orders Meristem to fulfill them.

### III. Request to Compel Meristem to Label Production

On February 1, 2024, Meristem produced documents as part of discovery, but apparently did not indicate whether such production was in response to the Court's January 2024 order or a separate, second discovery request. Plaintiff contends that Meristem was required under the Federal Rules of Civil Procedure to do so. [Doc. 86 at 2.] But a plain reading of Federal Rule of Civil Procedure 34(b)(2)(E)(i) shows otherwise. That rule reads as follows: "A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis added). Meristem contends it has produced its documents "as they exist in the usual course of business," [Doc. 92 at 4], and plaintiff does not appear to dispute this, [Doc. 93 at 3.] In any case, the Federal Rule does not require more of Meristem than what it has already done. Plaintiff's request is therefore denied.

### IV. Request for Sanctions

Plaintiff finally requests that this Court sanction Meristem for its conduct and award plaintiff the fees and costs incurred in filing the present motion. [Doc. 86 at 5.] To this end plaintiff cites Federal Rule of Civil Procedure 37(a)(5)(A), which states the following:

> If the motion [to compel discovery] is granted—***or if the disclosure or requested discovery is provided after the motion was filed***—the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

(emphases added).

This mandate does not apply if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

With respect to Requests Nos. 5, 8, 9, and 10, the Court finds substantial justification for Meristem's nondisclosure, because a reasonable person could have interpreted the Court's January 2024 order to have limited the scope of those requests to only sales or solicitations made by the Sheffers to the Restricted Customers. The Court will thus not sanction Meristem for such nondisclosure. With respect to Requests Nos. 11, 12, 15, and 16, however, plaintiff noted in its reply supplement that Meristem produced responsive documents on March 29, 2024, over a month after the present motion was filed. [Doc. 95 at 1.] Plaintiff detailed in its first motion to compel discovery its steps taken to obtain this discovery without court action. *See* [Doc. 62 at 2–5.] The Court is not aware of any reason why this delay was substantially justified. Nor is this Court aware of any other circumstances that make an award of expenses unjust. Consequently, in accordance with Federal Rule of Civil Procedure 37(a)(5)(A), this Court orders that Meristem pay plaintiff's fees (including attorneys' fees) reasonably incurred in preparing and executing the portions of this motion to compel [Doc. 86] and plaintiff's reply briefing [Doc. 93] that are relevant to Requests for Production Nos. 11, 12, 15, and 16, but not any other portions of such documents. The Court will not order further sanctions at this time, as the present remedy is sufficient but not greater than necessary to serve the interests of justice.

Accordingly,

7

IT IS HEREBY ORDERED that plaintiff's motion to compel [Doc. 86] is GRANTED in part and DENIED in part, as explained herein.

Dated this 16th day of April, 2024.

                                                                                _____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE